UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STANLEY BROS. FARMS, LLC d/b/a M AND M LIVESTOCK, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:20-CV-00397-X |
| MIKE MCBARRON and KATIE MCBARRON, | § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

This case arises from the alleged theft of more than $800,000 from M&M Livestock (M&M).  The plaintiff, M&M, filed this suit alleging (1) breach of fiduciary duty; (2) violations of the Texas Theft Liability Act; (3) fraud; and (4) conspiracy.  The defendants, Mike and Katie McBarron, moved to dismiss the case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Doc. No. 5].  After careful consideration, and as explained below, the Court **GRANTS** the motion to dismiss.

### I. Background

M&M is a two-member limited liability company comprised of Mitchell Stanley and Gregory Stanley.  M&M's primary business is shipping "truckloads of horses" to Mexico, known as "shipping horses."[1]  It also participates in horse rescue.  Mitchell

---

[1] Doc. No. 1 at 2.  "Shipping horses" bound for Mexico are more commonly known as slaughter horses.

Stanley and Mike McBarron had a longstanding relationship dating back nearly 30 years.  Mike McBarron worked for M&M (though the extent and type of employer-employee relationship is unclear) and was "entrusted with an M&M checkbook to purchase horses for M&M."[2]  In late 2019, M&M discovered an $800,000 discrepancy in its business bank account and alleges that Mike McBarron "took money out of the account with wire transfers and checks and put money back into the M&M paypal account, usually in $100,000 increments."[3]

M&M claims that the theft began sometime on or about May 2016, which was "at about [the] time" Mike McBarron married Katie McBarron.[4]  Essentially, M&M argues that Mike McBarron stole from it by claiming all the horses he purchased for M&M were shipping horses (which have a lower profit margin than rescue horses), when in reality some portion of the horses were rescue horses.  McBarron would then deliver the expected profit from the shipping horses but retain the extra profit made on the rescue horses.  Although Mike McBarron has his own horse-shipping business, M&M claims that McBarron's business success "was only possible by the fact [McBarron] stole money from the M&M account[.]"[5]

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the

---

[2] Doc. No. 1 at 2.
[3] *Id.* at 3.
[4] *Id.* at 2.
[5] *Id.* at 3.

2

light most favorable to the plaintiff."[6]  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]  Although the plausibility standard does not require probability, "it asks for more than a sheer possibility that a defendant has acted unlawfully."[9]  In other words, the standard requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[10]  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"[11]

### III. Analysis

The Court considers the claims against Mike McBarron and Katie McBarron separately.

### A.  Katie McBarron

It is unclear from M&M's complaint exactly which causes of action it is asserting against Katie McBarron.  But there are no factual allegations against Katie McBarron for any cause of action except conspiracy.  Because there are no factual

---

[6] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2020).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Iqbal*, 556 U.S. at 678.

[9] *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[10] *Iqbal*, 556 U.S. at 678.

[11] *Id.* (quoting *Twombly*, 550 U.S. at 555).

allegations, it follows that M&M failed to state a facially plausible claim for breach of fiduciary duty, violations of the Texas Theft Liability Act, and fraud with respect to Katie McBarron.  The Court therefore **DISMISSES WITHOUT PREJUDICE** counts 1–3 of M&M's complaint as to Katie McBarron.

M&M's fourth cause of action is conspiracy.  In Texas, the elements of conspiracy are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result."[12]

The Court finds that M&M failed to allege facts sufficient to state a facially plausible claim of conspiracy.  M&M's complaint lacks specific factual allegations which would enable this Court to infer the existence of a plausible right to relief.  For example, M&M claims that Katie McBarron, as a co-conspirator, was "aware" that the "funds in question were the property of [M&M]."[13]  This conclusory statement does not satisfy the plausibility standard; it is merely an unadorned accusation.

In conclusory fashion, M&M also alleges that "the members of the conspiracy had a meeting of the minds on the object or course of action."[14]  These allegations do not rise to the standard required to survive a 12(b)(6) motion to dismiss because they do not provide sufficient factual matter, taken as true, which enables the Court to infer the existence of a plausible claim to relief.

---

[12] *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).
[13] Doc. No. 1 at 6.
[14] *Id.* at 7.

Because M&M failed to plead sufficient factual matter to satisfy the elements of a conspiracy claim, the Court **DISMISSES WITHOUT PREJUDICE** its claim of conspiracy against Katie McBarron.

### B.  Mike McBarron

***Breach of Fiduciary Duty.***  To succeed on a claim for breach of fiduciary duty, the plaintiff must show: "(1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages."[15]  While fiduciary duties are typically formal, informal fiduciary duties can exist.  In Texas, an informal fiduciary duty can arise from "a moral, social, domestic or purely personal relationship of trust and confidence."[16]  That being said, such informal fiduciary duties are disfavored.[17]

In its complaint, M&M claims that Mitchell Stanley and Mike McBarron "had a long-standing fiduciary relationship."[18]  Although this was not a formal relationship, M&M argues that an informal fiduciary relationship exists because: (1) Mitchell Stanley taught Mike McBarron the horse business; (2) Mike McBarron lived with Mitchell Stanley at various times; and (3) Mike McBarron had access to M&M's checkbook and bank account.

The first step is determining whether M&M pled sufficient facts to plausibly show the existence of a fiduciary relationship.  M&M argues that by virtue of Mike McBarron's relationship with Mitchell Stanley, an informal fiduciary duty exists between Mike McBarron and M&M.  But Mitchell Stanley is only one of two members

---

[15] *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017).
[16] *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287 (Tex. 1998).
[17] *See Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 177 (Tex. 1997).
[18] Doc. No. 1 at 4.

of M&M.  And Mitchell Stanley is not the plaintiff—M&M is.  So, the longstanding personal relationship between Mike McBarron and Mitchell Stanley is irrelevant for purposes of determining the existence of a fiduciary relationship between Mike McBarron and the *plaintiff*, M&M.

Perhaps the only fact which might give rise to a fiduciary duty between Mike McBarron and M&M is that Mike McBarron had access to M&M's checkbook for the purpose of "mak[ing] decisions that would [have been] beneficial to M&M."[19]  If this constituted an agency relationship, then it would give rise to a fiduciary duty.[20]  Of course, the scope of that duty would depend on "the nature and purpose of the relationship" and "agreements between [Mike McBarron] and [M&M]."[21]  An agency relationship exists where one shows "a manifestation of consent by the purported agent to act on the principal's behalf and subject to the principal's control, together with a manifestation of consent by the purported principal authorizing his agent to act."[22]  But "Texas courts do not presume an agency relationship exists."[23]

Mike McBarron's access to M&M's checkbook is the only fact M&M pled that could be a basis for the existence of a fiduciary duty.  But this fact standing alone does not present a plausible claim to relief.  Because M&M failed to plead facts which plausibly show the existence of a fiduciary duty, the Court **DISMISSES WITHOUT PREJUDICE** its claim for breach of fiduciary duty.

---

[19] *Id.* at 5.

[20] *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 200 (Tex. 2002) (explaining that "agency is . . . a special relationship that gives rise to a fiduciary duty").

[21] *Nat'l Plan Adm'rs, Inc. v. Nat'l Health Ins. Co.*, 235 S.W.3d 695, 700 (Tex. 2007).

[22] *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 697 (Tex. 2017).

[23] *Id.*

***Texas Theft Liability Act.***  The Texas Theft Liability Act (the Act) states that "[a] person who commits theft is liable for the damages resulting from the theft."[24] Under the Act, theft means "unlawfully appropriating property or unlawfully obtaining services" according to the Texas Penal Code definition.[25]  A person commits theft under the Texas Penal Code when he or she "unlawfully appropriates property with intent to deprive the owner of the property" without the owner's "effective consent."[26]

Here, M&M pleads that Mike McBarron unlawfully stole its money "with the intent to deprive [M&M] of the property."[27]  But M&M fails to plead any specific facts to support this unadorned accusation.  While it is not required to plead "detailed factual allegations," M&M must still plead facts which constitute "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]"[28]

The complaint lacks any factual allegation beyond the naked claim that Mike McBarron stole M&M's money with the intent to deprive it of the property.  This is akin to a "formulaic recitation of the elements," and does not suffice to overcome the defendants' 12(b)(6) motion to dismiss.

Because M&M failed to plead the violations of the Act in a manner which would allow the Court to infer the existence of a plausible claim to relief, it **DISMISSES WITHOUT PREJUDICE** the cause of action for violations of the Act.

---

[24] TEX. CIV. PRAC. & REM. CODE § 134.003(a).
[25] *See id.* § 134.002(2).
[26] TEX. PENAL CODE § 31.03(a)–(b).
[27] Doc. No. 1 at 5.
[28] *Twombly*, 550 U.S. at 555.

*Fraud.*  Under Texas law, a plaintiff must show that:

(1) [the defendant] made a material misrepresentation that was false; (2) it knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) it intended to induce [the plaintiff] to act upon the misrepresentation; and (4) [the plaintiff] actually and justifiably relied upon the representation and thereby suffered injury.[29]

But fraud is also subject to a heightened pleading standard.[30]  This heightened standard requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake."[31]  "[T]o properly allege fraud under Rule 9(b), the plaintiff must plead the who, what, when, where, and why as to the fraudulent conduct."[32]

M&M failed to plead facts sufficient to state a plausible claim to relief because it did not identify the "who, what, when, where, and why" of the alleged fraudulent conduct committed by Mike McBarron.  Although M&M's pleadings may be sufficient to state a facially plausible claim under Texas law, they do not state a facially plausible claim with respect to Rule 9(b)'s heightened standard.  The pleadings are devoid of facts identifying the when, where, or why of the alleged fraudulent conduct. For that reason, the Court **DISMISSES WITHOUT PREJUDICE** the fraud claim.

*Conspiracy.* As discussed above, M&M failed to plead sufficient facts to state a plausible claim to relief for conspiracy as to Katie McBarron.  Because conspiracy requires two or more persons, it follows that Mike McBarron could not engage in

---

[29] *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001).
[30] *See* Fed. R. Civ. P. 9(b).
[31] *Id.*
[32] *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 117 (5th Cir. 2019).

conspiracy on his own.  Because M&M failed to plead sufficient facts which would enable the Court to infer the existence of a conspiracy, the Court **DISMISSES WITHOUT PREJUDICE** the conspiracy claim.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the defendants' motion to dismiss with respect to all claims.  In its Response, M&M requested the chance to replead.  Because the Court "should freely give leave when justice so requires," it will allow M&M one opportunity to replead.[33]

**IT IS SO ORDERED** this 15th day of December 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[33] FED. R. CIV. P. 15(a)(2).